No. 37,995
No. 37,997
(Consolidated)

SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation, *Appellee*, v. THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, JEFF A. ROBERTSON, Chairman and Commissioner, DEWITT M. STILES, Commissioner, and CHARLES M. WARREN, Commissioner, members of THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, and their respective successors in office, JAY KYLE, General Counsel for THE STATE CORPORATION COMMISSION OF THE STATE OF KANSAS, and HAROLD R. FATZER, Attorney General of the State of Kansas, *Appellants*.

(219 P. 2d 377)

Opinion filed June 10, 1950.

*Douglas Gleason,* of Ottawa, argued the cause, and *Louis R. Gates,* of Kansas City, and *Howard T. Fleeson,* of Wichita, were with him on the briefs for the appellants.

*Robert L. Webb,* of Topeka, and *Kenneth L. Hodge,* of Kansas City, Mo., argued the cause, and *W. F. Lilleston,* of Wichita, and *Lloyd S. Miller,* of Kansas City, Mo., were with them on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: These consolidated appeals grow out of injunction proceedings in the lower court which in turn arose out of proceedings before the State Corporation Commission for the fixing and promulgation of telephone rates. For convenience and in the interest of brevity, the plaintiff (appellee here) will be referred to as Southwestern, and all of the defendants (appellants here) will be referred to as the Commission.

This appeal is a companion case to cases Nos. 37,941 and 37,984, consolidated in this court, in which Southwestern Bell Telephone Company, a corporation, is appellee, and The State Corporation Commission of the State of Kansas, *et al,* are appellants, this day decided (*ante,* p. 457). Since the issues in that case (hereinafter re-

ferred to as the principal case) and in the instant case are so inter-mingled, for the sake of brevity and to avoid repetition, the detailed factual background of events transpiring before the Commission and in the lower court, set out in the opinion of that case written by Mr. Justice Parker, is by reference incorporated herein. However, in order to illustrate the precise issue now before us on this appeal, a brief résumé of those facts will be helpful.

On September 30, 1947, Southwestern filed with the Commission an application to increase its intrastate rates for telephone service and filed schedules designed to produce approximately $3,279,000 in additional gross revenues. This application was docketed as No. 34,333-U, and stated that the rates suggested would not provide a reasonable and fair return on its property; that Southwestern was not waiving its claimed right to a full and larger return, but re-quested immediate partial relief because of its urgent need for addi-tional revenues on account of its alleged actual operating losses on its intrastate operations in Kansas. On October 9, 1947, the Com-mission ordered a complete investigation of Southwestern's Kansas operations in order to determine just and reasonable rates, the costs thereof to be assessed against Southwestern.

Hearing on this application was commenced January 5, 1948, at which time Southwestern filed a supplemental application in which it alleged that not less than $1,500,000, in addition to the increase sought by its application of September 30, 1947, would be required in order to relieve it from its alleged acute financial distress. This supplemental application was docketed as No. 35,000-U.

At the close of the hearings held January 5 to 10, 1948, on South-western's original application in docket No. 34,333-U, the Com-mission dismissed the proceedings on the ground that Southwestern had failed to present evidence sufficient to comply with the pro-visions of G. S. 1935, 66-1403, known and hereinafter referred to as the affiliate statute. Its application for a rehearing being denied, Southwestern commenced a review proceedings in the District Court of Shawnee County, Division No. 2, and sought by motion to stay the operation of the dismissal order and to promulgate non-confiscatory rates. The court denied the application for a stay, holding that it was without jurisdiction to grant the relief requested and remanded the case to the Commission for the taking of addi-tional testimony as sought by Southwestern in its application for rehearing.

Subsequently, on May 26, 1948, after the application for a stay had been denied but while its original application was pending on review, Southwestern filed a third application, to which it attached the same schedule of rates as those filed with its original application of September 30, 1947. This third application was docketed as No. 35,060-U, and in it Southwestern asked the Commission to grant the collection of such rates as emergency rates under a refunding bond which would protect the public. The Commission again ordered a complete investigation, with all costs thereof to be assessed against Southwestern. Hearings upon this application for temporary rates under bond commenced in July, 1948, and a large portion of that record was incorporated in the record in docket No. 34,333-U, which had been remanded to the Commission by the court.

On September 23, 1948, the Commission affirmed its previous order of dismissal of the original application in docket No. 34,333-U, and the additional record was certified to the reviewing court.

On October 6, 1948, the Commission issued an order for temporary rates which granted Southwestern authority to file schedules that would produce $1,200,000 in increased revenues annually provided certain conditions stated in the order were met. Southwestern considered the conditions so burdensome that it filed a conditional acceptance, to which the Commission refused to agree, and on that account such increased schedule of rates was not put into effect.

As a result of further hearings the Commission, on January 14, 1949, granted Southwestern authority to file schedules to produce approximately $3,315,000 in additional gross revenues annually, to be collected as temporary rates under bond. This order superseded the order of October 6, 1948, just referred to, and which did not become effective. The increase provided by this order of January 14, 1949, became effective January 16, 1949, and are the rates under which Southwestern is now operating.

On May 19, 1949, Southwestern filed a further application in docket No. 35,000-U, as a supplement to the supplemental application previously filed on January 5, 1948. This last application contained a schedule of rates designed to increase its annual gross revenues in Kansas by approximately $3,460,000 over and above those revenues provided by the temporary rates then in effect. In this application, just as it had done in each of the former ones, Southwestern recited facts concerning its financial distress result-

ing from existing rates which it claimed were confiscatory. The Commission again ordered a full investigation, with all costs to be charged to Southwestern. At the hearing on this application, held July 18 to 22, 1949, Southwestern introduced its evidence and urgently requested an early determination and the granting of such rates as temporary rates under bond. However, the Commission announced that it would not cross-examine until October 31, 1949, and continued further hearing until then.

On September 26, 1949, the District Court of Shawnee County, Division No. 2, in review proceedings in original docket No. 34,333-U, held that Southwestern had satisfied the requirements of the affiliate statute and set aside the Commission's order of dismissal as being unreasonable and unlawful. The correctness of that ruling was the question before us in the principal case, heretofore referred to, this day decided.

On October 17, 1949, the Commission, on its own motion, entered an order continuing further hearing in docket No. 35,000-U to an indefinite date and until final disposition of its anticipated appeal to this court from the judgment of the district court setting aside as unlawful and unreasonable the Commission's order of dismissal of Southwestern's application in docket No. 34,333-U.

Following the entry of this order of October 17, 1949, Southwestern on November 28, 1949, applied to the District Court of Shawnee County, Division No. 3, for a temporary injunction to enjoin and restrain the Commission, and other defendants whose names appear in the title of this cause,

". . . from interfering with the plaintiff's promulgating, charging and collecting reasonable rates and charges for telephone service in the State of Kansas; and temporarily enjoining and restraining each of the defendants from interfering, by suit or otherwise, with the plaintiff's charging rates higher than the schedules or classifications of rates now in effect and on file with or heretofore filed with the defendant Commission; and temporarily restraining and enjoining each of the defendants in this action from assessing or seeking to have assessed against the plaintiff any fine or penalty or criminal charges based upon or as the result of plaintiff's charging any rates higher than those now in effect and on file with or heretofore filed with the defendant, The State Corporation Commission of the State of Kansas."

Issues were joined and evidence was introduced. On January 16, 1950, the court granted the temporary injunction, as prayed for, upon the express condition that before putting into effect and charging or collecting any rates other than the schedules of temporary rates then in effect and on file, pursuant to the Commission's order

of January 14, 1949, Southwestern post a refunding bond, to be approved by the court, in a sum not less than the total annual sum of the additional charges which it might put into effect by reason of the temporary injunction, conditioned that Southwestern would repay to its subscribers the excess, if any, of the rates which it might actually put into effect and collect under the protection of the injunction above the schedules of rates which ultimately might be determined to be just and reasonable.

The Commission's motion for a new trial was overruled on January 21, 1950. Case No. 37,995 is the Commission's appeal from the judgment and order of January 16, 1950, granting the temporary injunction, and case No. 37,997 is its appeal from the order overruling the motion for a new trial. In this court the two appeals will be treated as one.

On February 3, 1950, this court issued an order staying and suspending the order of the lower court granting the injunction pending the disposition of this appeal.

In support of its position appellant Commission urges many grounds and reasons why the lower court had no authority or jurisdiction to grant the injunction. On the other hand, Southwestern argues just as strenuously that the court had jurisdiction to issue the order, and that under the facts and circumstances then existing the course taken by Southwestern was its only available remedy in order to relieve itself of financial stress resulting from the alleged confiscatory rates then in existence.

We have given careful study and consideration to every argument and citation of authority advanced by both parties to this appeal in their very exhaustive briefs, but we consider it unnecessary to discuss or decide the questions raised, other than the ultimate one—namely, should the injunction have been granted?

From a close reading of the detailed factual background contained in the opinion in the principal case, heretofore referred to, and the summarization of those facts above set out, the status of this whole proposition in the fall of 1949 can readily be discerned.

Southwestern had been before the Commission with several applications for increases in its intrastate rates, a number of hearings had been held and there was a sharp dispute between the parties as to the proper interpretation of the so-called affiliate statute. The Commission interpreted it one way—counsel for Southwestern another. This dispute was the basis of the review proceedings be-

fore the District Court, Division 'No. 2, in docket No. 34,333-U, which was Southwestern's original application. In the meantime supplemental applications for emergency rates had been filed and on the latest one, in docket No. 35,000-U, the Commission heard Southwestern's evidence in July, 1949. It then announced that it would not cross-examine Southwestern's witnesses until October 31, 1949. As yet the district court had not announced its decision in the review proceedings before it, but on September 26, 1949, the court ruled in favor of Southwestern and vacated and set aside as unlawful and unreasonable the Commission's former order dismissing Southwestern's original application in docket No. 34,333-U. In ·passing, this fact should not be overlooked, and that is that all the way through these various proceedings the real bone of contention was the interpretation and construction to be given the affiliate statute. That was the dispute before the Commission, before the lower court, and in this court in the principal case. In our decision in that case we have upheld the lower court and have overruled the Commission's contentions with reference to the statute, but be that as it may, in this case we are confronted with the situation in which the parties found themselves after the district court handed down its decision of September 26, 1949.

The Commission, of course, intended to appeal to this court from that decision. At the same time it was confronted with the further hearing on Southwestern's supplemental application which had been set for October 31, 1949. Because the ultimate issue between the parties concerning the interpretation of the affiliate statute would again arise on the hearing set for October 31, 1949, and because it intended to appeal from the district court's decision in the other application, the Commission issued its order of October 17, 1949, which in part recited:

"3. The character of proof presented by the telephone company in behalf of its application in this docket is similar to, and in many instances identical with, the proof presented by the telephone company in support of its application in said Docket 34,333-U, and a decision by the Commission in Docket 35,000-U will necessitate consideration of the same questions of law and fact as were decided by the Commission in Docket No. 34,333-U.

"4. The legal questions raised by the review of the Commission's order of January 10, 1948, in Docket 34,333-U should be finally determined by the Supreme Court of Kansas prior to a determination by the Commission of the issues involved in Docket 35,000-U."

and continued the hearing previously set for October 31, 1949, to a date to be determined, proper notice to be given to all parties.

It was following the issuance of this order of continuance that Southwestern made application to the District Court of Shawnee County, Division No. 3, for the injunction.

Assuming, but not deciding, that the district court had jurisdiction to entertain the injunction proceedings, in view of the state of the whole record, can it be said that in the exercise of its equity powers the court properly issued the injunction? This was not a situation such as existed in *City of Hutchinson v. Bell Telephone Co.*, 109 Kan. 545, 200 Pac. 301, where rates promulgated by the Commission had been set aside by a court of competent jurisdiction as being unreasonably low and confiscatory and the telephone company obtained an order enjoining the interference of collection by it of its own schedule of rates pending final determination. In the case before us the Commission had granted one increase under its order of January 14, 1949, and those rates were in full force and effect at all times thereafter. No court had set aside any schedule of rates, so we do not have a situation where there was no schedule in existence. Our statute (G. S. 1935, 66-117) provides that no change shall be made in any rate without the consent of the Commission. To uphold the injunction would mean that this court is giving its sanction to a change of already existing rates in a manner violative of the statute.

In the principal case, which is the appeal from the decision of the district court of September 26, 1949, we have held that the Commission's interpretation of the affiliate statute was erroneous and in effect directed that body to proceed, without unreasonable delay, to determine and promulgate reasonable rates under the evidence in the record, and from such further evidence as the parties may wish to offer in conformity with what is said in the opinion. We must assume that the Commission will proceed to do so in the statutory manner. While the merits of a lawsuit ordinarily are to be judged by the facts and law existing at the time of trial and judgment in the lower court, yet were the injunction in the case before us to be upheld this rather anomalous situation would come about —in the principal case the Commission is in effect directed to proceed with its rate-making powers and at the same time Southwestern would be permitted to collect a schedule of rates the reasonableness of which would be the very issues pending before the Commission.

However, from the over-all picture of the facts as they exisited in the fall of 1949, we are compelled to hold that the injunction was improvidently granted, and it therefore follows that the judgment of the lower court must be reversed.